

/Order Fc. (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5016 | **DATE** | 7/19/2002 |
| **CASE TITLE** | William Evans vs. Ms. Richardson, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. This action is dismissed. And as taught by <u>Sloan</u> (1) Evans must pay the $150 filing fee and (2) until he does so, the clerk of this District Court will return unfiled all papers he tenders (with the exceptions, and subject to the qualification, set out in <u>Sloan</u>).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 4 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 7/19/2002 | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
02 JUL 19 PM 4:02

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM EVANS,                    )
                                  )
                Plaintiff,        )
                                  )
        v.                        )     No.  02 C 5016
                                  )
MS. RICHARDSON, et al.,           )
                                  )
                Defendants.       )

MEMORANDUM ORDER

William Evans ("Evans") has tendered a proposed 42 U.S.C.
§1983 ("Section 1983") Complaint against (1) a Ms. Richardson,
who is alleged to be the law librarian at the Cook County
Department of Corrections ("Department" or "County Jail"),
(2) Department itself and (3) Cook County Sheriff Michael
Sheahan.  Evans, who is a pretrial detainee at the County Jail
pending the prosecution of criminal charges against him before
the Circuit Court of Cook County and who says he has been a
"certified legal assistant/paralegal since 1996," complains of
major inadequacies in the County Jail's law library that are
impeding or actually preventing his effective pro se defense of
the pending criminal charges.  Although Evans' allegations might
well state a viable Section 1983 claim (a matter on which this
Court need not express any ultimate view at this point), his
fatal difficulty stems from the fact that he also seeks leave to
proceed in forma pauperis.

But Evans' prior litigation history expressly reveals that

he has accumulated far more than the "three strikes" that trigger the application of 28 U.S.C. §1915(g) ("Section 1915(g)"):

1. Evans v. Washington, 96 C 2261, was dismissed by this Court on April 24, 1996.

2. That same case on appeal (Seventh Circuit Docket No. 96-2400) was dismissed by our Court of Appeals on July 30, 1997.

3. Evans v. Washington, 96-666-JPG in the Southern District of Illinois, was dismissed on March 24, 1997.

4. Evans v. Hartwig, 97-191-WDS in the Southern District of Illinois, was dismissed on June 25, 1997.

5. Evans v. Hartwig, 97-241-WLB in the Southern District of Illinois, was also dismissed on June 25, 1997.

6. Evans v. --, 00-887-WLB in the Southern District of Illinois, was dismissed on May 17, 2001.

According to the litigation printout that has been provided to this Court, Evans had also filed five other lawsuits during the 1992-94 period. But there is no need to research those cases because, under Section 1915(g) as in baseball, three strikes are out.

Just a week ago our Court of Appeals confirmed the inexorability of Section 1915(g) in Robinson v. Powell, No. 00-3659, 2002 WL 1484482 (7th Cir. July 12). And unless we deal here with an almost incredible coincidence (a prospect that

beggars the imagination), Evans must have known that he had no

grounds for his in forma pauperis motion before he sought that

status here:  In part Robinson cites and relies upon the Seventh

Circuit's four-year-old decision in Evans v. Illinois Dep't of

Corrections, 150 F.3d 810 (7th Cir. 1998), which denied

William A. Evans' right to proceed on appeal in forma pauperis

because he had previously accumulated three strikes![1]

This Court will not indulge any flights of fancy:  It finds

that the 1998 William A. Evans is the 2002 William A. Evans.  And

although the Court of Appeals in both Robinson and the earlier

Evans case gave the petitioners there 14 days within which they

could pay the full filing fees, that Court has understandably

dealt far more strictly with a plaintiff who, like Evans, has

continued to file lawsuits and seek in forma pauperis after he

has been told by a court (in Evans' case, by our Court of

Appeals) that he is disqualified from such benefit by Section

1915(g).  This Court will follow the lead of Sloan v. Lesza, 181

F.3d 857, 859 (7th Cir. 1999):

---

[1]  Although Evans' Complaint in this case does not include
his middle initial, the printout delivered to this Court setting
out his prior case history (which conforms to the identical
prison identification number that Evans lists here) also shows
his name to be "William A. Evans."  Moreover, the William A.
Evans who was denied in forma pauperis status under Section
1915(g) in the Court of Appeals' 1998 opinion was listed there as
then being incarcerated at Menard Correctional Center, which
would mesh perfectly with this William A. Evans' last four
strikes having been accumulated in lawsuits that he filed in the
Southern District of Illinois.

3

We are not at all disposed to give Sloan extra time to pay. He committed a fraud on the federal judiciary by seeking and obtaining permission to appeal _in forma pauperis_ without revealing that he has already been held to be covered by §1915(g). (Sloan does not contend that he "is under imminent danger of serious physical injury.") A litigant who follows frivolous litigation with fraud has no claim to a tender reception.

Litigants to whom §1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in _Newlin v. Helman_, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to §1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of _Newlin_ and _Support Systems International, Inc. v. Mack_, 45 F.3d 185 (7th Cir. 1995).

This action is therefore dismissed. And as taught by _Sloan_, (1) Evans must pay the $150 filing fee and (2) until he does so, the Clerk of this District Court will return unfiled all papers he tenders (with the exceptions, and subject to the qualification, set out in _Sloan_).

_____

Milton I. Shadur
Senior United States District Judge

Date: July 19, 2002

4